UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
THERESA ANN HANKERSON,

                Plaintiff,                          **MEMORANDUM AND ORDER**
                                                                    24-CV-3472 (LDH) (LB)
      -against-

SOUTH HOSPITAL BROOKLYN, NEW YORK;
COMMISSIONER POST OFFICE; POST OFFICE
COMMISSIONER; DEPARTMENT OF HEALTH
COMMISSIONER; DEPARTMENT OF MENTAL
HEALTH COMMISSIONER,

                Defendants.
------------------------------------------------------------x
LaSHANN DeARCY HALL, United States District Judge:

      Plaintiff Theresa Ann Hankerson brings this *pro se* action invoking the Court's subject matter jurisdiction under 28 U.S.C. § 1331.[1] ECF No. 1, ("Compl."). Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 is granted. Plaintiff's letter motion seeking the Court's recusal is denied. ECF No. 9. For the following reasons, the Complaint is dismissed, and Plaintiff is granted thirty days to file an amended complaint.

## STANDARD OF REVIEW

      Under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." At the pleadings stage of the proceeding, the Court must assume the truth of "all well-

---

[1] The action was transferred to this court from the United States District Court for the Southern District of New York. ECF No. 7. The Court notes that this is the fourth complaint Plaintiff has filed in recent months. *See Hankerson v. 61st Pct., et al.*, No. 24-CV-1623 (LDH) (LB); *Hankerson v. Bank of America, et al.*, No. 24-CV-2088 (LDH) (LB); *Hankerson v. Safe Horizon, et al.*, No. 24-CV-2799 (LDH) (LB). Plaintiff also previously filed another action that was *sua sponte* dismissed by the Court for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B). *See Hankerson v. Both*, No. 18-CV-2538 (LDH) (ST) (Feb. 12, 2019).

pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 123 (2d Cir. 2010) (citing *Ashcroft v. Iqbal,* 556 U.S. 662 (2009)). A complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Furthermore, it is axiomatic that *pro se* complaints are held to less stringent standards than pleadings drafted by attorneys and the Court is required to read the plaintiff's *pro se* complaint liberally and interpret it to raise the strongest arguments it suggests. *Erickson v. Pardus*, 551 U.S. 89 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 191-93 (2d Cir. 2008).

However, the Supreme Court has held that a district court has "the authority to 'pierce the veil of the complaint's factual allegations'" when considering an *in forma pauperis* complaint. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). The Court further stated that "a court is not bound . . . to accept without question the truth of the plaintiff's allegations. We therefore reject the notion that a court must accept 'as having an arguable basis in fact,' all allegations that cannot be rebutted by judicially noticeable facts." *Id*.

## BACKGROUND

Plaintiff's complaint is difficult to fully understand, but she appears to allege that on July 23, 2023, her rights were violated at "South Hospital Brooklyn," formally known as NYC Health + Hospitals/South Brooklyn Health. Compl. at 5-6. Plaintiff states that "cops call EM[S], they came said come with us to hospital for nothing, so I gets[sic] to the hospital . . . I requested to sign my self out, the doctor that was on that day told the security guards to hold me down they give me a shot and put me to sleep." *Id.* Plaintiff further states, "they violated my constitutional rights for nothing . . . I'm going threw catfish . . . threw 61 police department as well PSHA1 Pct. Cyber bullying." *Id.* at 6. It is unclear what relief Plaintiff seeks. *Id.*

**DISCUSSION**

Section 1983

Plaintiff asserts that the Court has federal question jurisdiction under 28 U.S.C. § 1331, and the Court liberally construes her claims arising under 42 U.S.C. § 1983. Section 1983 provides that "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured[.]" 42 U.S.C. § 1983. However, Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979); *accord Thomas v. Roach*, 165 F.3d 137, 142 (2d Cir. 1999) ("Section 1983 itself creates no substantive rights; it provides only a procedure for redress for the deprivation of rights established elsewhere."). To state a claim under Section 1983, a plaintiff must allege that the conduct at issue was "committed by a person acting under color of state law" and that the conduct deprived plaintiff "of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010) (quoting *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994)).

Rule 8

Federal Rule of Civil Procedure 8(a) provides that "[a] pleading that states a claim for relief must contain" a "short and plain statement of the grounds for the court's jurisdiction" and "a short and plain statement of the claim showing that the pleader is entitled to relief." Those statements must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002). This applies to *pro se* plaintiffs as well. *Harnage v. Lightner*, 916 F.3d 138, 141 (2d Cir. 2019) ("While we construe *pro se* pleadings liberally, the basic requirements of Rule 8 apply to self-represented and counsel alike.") (internal

3

quotations omitted). "When a complaint does not comply with the requirement that it be short and plain, the court has the power, on its own initiative, . . . to dismiss the complaint." *Id*. Even giving the most liberal construction to Plaintiff's Complaint, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), Plaintiff has failed to plead any facts to show that a constitutional or federal right was violated, and the Complaint clearly does not comply with Rule 8(a).

Personal Involvement

Plaintiff names as defendants South Hospital Brooklyn New York, Commissioner Post Office, Post Office Commissioner, Department of Health Commissioner, Department of Mental Health and South Hospital Commissioner. "It is well settled that, in order to establish a defendant's individual liability in a suit brought under § 1983, a plaintiff must show ... the defendant's personal involvement in the alleged constitutional deprivation." *Grullon v. City of New Haven*, 720 F.3d 133, 138 (2d Cir. 2013). To establish personal involvement, a plaintiff must plead that "each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Tangreti v. Bachmann*, 983 F.3d 609, 616 (2d Cir. 2020) (quoting *Iqbal*, 556 U.S. at 676); *Hall v. Suffolk Cnty.*, No. 23-CV-4606, 2023 WL 4747395, at *3 (E.D.N.Y. July 25, 2023). A defendant may not be held liable under Section 1983 solely because that defendant employs or supervises a person who violated the plaintiff's rights. *See Iqbal*, 556 U.S. at 676 ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior."); *Fredricks v. Renze*, No. 22-CV-7274, 2023 WL 1869042, at *3 (S.D.N.Y. Feb. 6, 2023).

Here, Plaintiff does not allege any plausible facts to demonstrate that defendants were personally involved in violating any federally protected or constitutional right. She also fails to allege any facts to show how each named defendant was personally involved in any alleged violation. Plaintiff simply lists the defendants in the caption and in a summary list of defendants

4

in the complaint; their names do not appear in any of the allegations. A § 1983 claim that does not allege the defendant's personal involvement fails as a matter of law. *See Delee v. Hannigan*, 729 F. App'x 25, 31 (2d Cir. 2018) ("[t]he amended complaint makes no allegation as to the involvement of [defendants] other than the titles of their employment," thus, there are "no well-pled allegation against any of these [defendants]"); *Ward v. City of NY Mayor*, No. 23-CV-5237, 2023 WL 5179630, at *2 (E.D.N.Y. Aug. 11, 2023); *Terry v. N.Y. City Dep't of Corr.*, No. 10-Civ.-6197, 2012 WL 718555, at *2 (S.D.N.Y. Mar. 6, 2012) ("[w]here a plaintiff does not allege how a particular defendant was personally involved in any of the actions or inactions that led to the alleged deprivations of the plaintiff's constitutional or federal rights, dismissal as to that defendant is appropriate."); *Townsend v. New York*, No. 14-CV-6079, 2015 WL 4692604, at *5 (E.D.N.Y. Aug. 5, 2015) (dismissing plaintiff's complaint as to certain defendants because plaintiff "does not allege their personal involvement in any actions taken against him," and "merely lists them as defendants").

NYC Health + Hospitals

Furthermore, to the extent Plaintiff seeks to name New York City Health + Hospitals/South Brooklyn Health as a defendant, her claim must be dismissed.[2] New York City Health + Hospitals, can be liable under section 1983 only if a plaintiff can demonstrate "(1) an official [municipal] policy or custom that (2) cause[d] the plaintiff to be subjected to (3) a denial of a constitutional right." *Torraco v. Port Auth. of N.Y. & N.J.*, 615 F.3d 129, 140 (2d Cir. 2010) (quoting *Wray v. City of New York*, 490 F.3d 189, 195 (2d Cir. 2007)).  A plaintiff can establish an official policy

---

[2] New York City Health + Hospitals, while a separate entity from the City, is **Error! Main Document Only.**"a public benefit corporation created to provide health and medical services to New York City residents pursuant to [the] New York City Health and Hospitals Corporation Act." *Dames v. Pigott*, No. 18 Civ. 8352 (VSB), 2019 WL 4014102, at *5 (S.D.N.Y. Aug. 26, 2019) (internal quotations omitted). **Error! Main Document Only.**Thus, it is subject to the same standards for municipal liability as the City of New York. S*ee Campanello v. Ponte*, 16 Civ. 7432 (PAE), 2017 WL 4122705, at *4 (S.D.N.Y. Aug. 22, 2017) (citation omitted).

or custom by showing any of the following: (1) a formal policy officially endorsed by the municipality; (2) actions or decisions made by municipal officials with decision-making authority; (3) a practice so persistent and widespread that it constitutes a custom of which policymakers must have been aware; or (4) a failure by policymakers to properly train or supervise their subordinates, such that the policymakers exercised "deliberate indifference" to the rights of the plaintiff and others encountering those subordinates. *See Iacovangelo v. Corr. Med. Care, Inc.*, 624 F. App'x 10, 13–14 (2d Cir. 2015) (formal policy officially endorsed by the municipality); *Matusick*, 757 F.3d at 62 (widespread and persistent practice); *Carter v. Inc. Vill. of Ocean Beach*, 759 F.3d 159, 164 (2d Cir. 2014) (failure to train amounting to deliberate indifference); *Jones v. Town of E. Haven*, 691 F.3d 72, 81 (2d Cir. 2012) (policymaking official's "express" or "tacit" ratification of low-level employee's actions). Here, Plaintiff does not allege any unconstitutional policy or custom attributable to New York City Health + Hospitals that would confer municipal liability.

## LEAVE TO AMEND

If a "liberal reading of the complaint gives any indication that a valid claim might be stated," a *pro se* plaintiff should be given an opportunity to amend the complaint. *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *see Shomo v. City of New York*, 579 F.3d 176, 183 (2d Cir. 2009). Here, in light of this Court's duty to liberally construe *pro se* complaints, and in an abundance of caution, the Court will allow Plaintiff to file an amended complaint in compliance with Rule 8(a) of the Federal Rules of Civil Procedure. *Cruz v. Gomez*, 202 F.3d 593 (2d Cir. 2000).

If she chooses to file an amended complaint, Plaintiff must identify each legal claim and set forth a short, plain statement of the relevant facts supporting the claim. Plaintiff should describe what each named defendant or defendants did or did not do, and how each defendant caused

6

Plaintiff injury, and only name defendants that were personally involved. Plaintiff must also provide the dates and locations for each relevant event.

### REQUEST FOR RECUSAL

Plaintiff filed a one-page letter motion, "requesting to change judge . . . d[ue] to . . . understanding constitution right for [Plaintiff]." ECF No. 9. A federal judge "shall disqualify [herself] in any proceeding in which [her] impartiality might reasonably be questioned" or where the judge "has a personal bias or prejudice concerning a party." 28 U.S.C. § 455(a), (b)(1). Plaintiff's submission does not establish either of these grounds for recusal. To the extent Plaintiff seeks recusal because the Court *sua sponte* dismissed her previous action, "judicial rulings alone almost never constitute valid basis for a bias or partiality recusal motion." *Liteky v. United States*, 510 U.S. 540, 541 (1994). Plaintiff's motion is therefore denied.

### CONCLUSION

Accordingly, the Complaint, filed *in forma pauperis*, is dismissed. 28 U.S.C. § 1915(e)(2)(B). Plaintiff is granted thirty days to file an amended complaint. Plaintiff's motion for recusal is denied. ECF No. 9.

For free, confidential, limited-scope legal assistance, Plaintiff may wish to contact the City Bar Justice Center's Federal Pro Se Legal Assistance Project in Brooklyn by calling (212) 382-4729.

The amended complaint will replace, not supplement, the original complaint, and must be captioned as "Amended Complaint" and include the same docket number as this Order: 24-CV-3472 (LDH) (LB).

Any amended complaint that Plaintiff elects to file will be reviewed for sufficiency. No summons shall issue at this time and all further proceedings shall be stayed. If Plaintiff fails to amend the complaint, or cure the deficiencies discussed herein, judgment shall be entered.

The Clerk of Court is directed to mail a copy of this Memorandum and Order to Plaintiff, along with a civil rights complaint form.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States,* 369 U.S. 438, 444-45 (1962).

SO ORDERED.

/s/ LDH_____
LaShann DeArcy Hall
United States District Judge

Dated: Brooklyn, New York
    April 15, 2024